# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA
# ALEXANDRIA DIVISION

| | |
|---|---|
| BETTY J. HOOKER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LISA S. DISBROW, ) <br> Acting Secretary of Air Force, ) <br> ) <br> Defendant. ) | Case No. 1:16-cv-1588-GBL-JFA |

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Defendant Lisa S. Disbrow's[1] ("Defendant") Motion to Dismiss. (Doc. 5). This case concerns *pro se* Plaintiff Betty J. Hooker's ("Plaintiff") Complaint alleging that Defendants did not resolve Plaintiff's employment discrimination complaints. (Compl. at 1). There are two issues before the Court. The first issue is whether the Court has subject matter jurisdiction over an employment discrimination claim against the federal government under the Americans with Disabilities Act of 1990 ("ADA"). The Court grants Defendant's Motion to Dismiss with respect to the first issue because the federal government cannot be sued under the ADA.

The second issue is whether Plaintiff has stated a claim upon which relief may be granted. The Court grants Defendant's Motion to Dismiss with respect to the second issue because Plaintiff failed to plead facts sufficient to meet the pleading standard set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

---

[1] On January 20, 2017, Lisa S. Disbrow assumed the duties of Acting Secretary of the Air Force, automatically substituting for Deborah Lee James, former Secretary of the Air Force, as a party in accordance with Federal Rule of Civil Procedure 25(d).

## I. BACKGROUND

Defendant employed Plaintiff as a Program Analyst for the Air Force Office of Scientific Research ("AFOSR"), Financial Management division. (Doc. 5-2 at 2). Plaintiff's Complaint references two formal Equal Employment Opportunity ("EEO") complaints, EEO Complaint 1 and EEO Complaint 2, which were filed against the Air Force. (Compl. at 2-3; Doc. 5-1; Doc. 5-2). On January 17, 2012, Plaintiff filed EEO Complaint 1 alleging that she was subjected to a hostile work environment on the basis of sex. (Doc. 5-1). On April 3, 2013, Plaintiff requested a hearing with the Equal Employment Opportunity Commission (EEOC). (Doc. 5-3 at 1).

On August 1, 2013, Plaintiff filed EEO Complaint 2 alleging that she was subjected to a hostile work environment and to reprisal for her previous EEO activity, which was EEO Complaint 1. (Doc. 5-2). The Air Force issued a Final Agency Decision ("FAD") for EEO Complaint 2 on May 7, 2014. (Doc. 5-4). In the FAD, the Air Force concluded that Plaintiff was not subjected to reprisal or a hostile work environment. (*Id.* at 14). The Air Force also advised Plaintiff that she had the right to appeal the agency's decision to the Merit Systems Protection Board or file a civil action in district court within thirty days. (*Id.* at 14-16).

On November 4, 2016, Plaintiff moved to dismiss her request for a hearing on EEO Complaint 1 and indicated her intent to file a civil action in district court. (Compl. at 2-3). In her written submission to the EEOC, Plaintiff included the agency numbers for both EEO Complaint 1 and 2. (*Id.* at 2). On November 29, 2016, the EEOC Administrative Law Judge ("ALJ") granted Plaintiff's request and included agency numbers for EEO Complaint 1 and 2. (*Id.* at 3). On December 21, 2016, the ALJ amended the original order by including only EEO Complaint 1. (Doc. 5-5 at 2). On December 22, 2016, Plaintiff, proceeding *pro se*, filed a Complaint in this Court. (Compl. at 1). Within the Complaint, Plaintiff alleges that she has

"[u]nresolved employment discrimination complaints that consists of the following: hostile work environment, sexual harassment, reprisal, force resignation, employment discrimination, simple assault by immediate supervisor, ADA violation, and a nexus of events." (*Id.*) In addition to this statement, Plaintiff includes her request for withdrawal of her EEOC Complaint 1 and 2 and the ALJ's dismissal of her EEO complaint 1 and 2. (Compl. at 2-3). Plaintiff did not include the ALJ's corrected dismissal of EEO Complaint 1. (Doc. 5-5 at 2).

Defendant filed a Motion to Dismiss on February 27, 2017. (Doc. 4). Defendant moves to dismiss Plaintiff's Complaint, arguing: (1) the Court lacks subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); and, (2) that Plaintiff has failed to state a plausible claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Defendant's Motion to Dismiss is now before the Court.

## II. STANDARD OF REVIEW

### A. Fed. R. Civ. P. 12(b)(1)- Lack of Subject Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to move for dismissal where the court lacks jurisdiction over the subject matter of the action. Fed. R. Civ. P. 12(b)(1). Where a federal court finds subject matter jurisdiction lacking, it must dismiss the case. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *Jones v. Calvert Grp., Ltd.*, 551 F.3d 297, 301 (4th Cir. 2009) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)). In considering a 12(b)(1) motion to dismiss, the plaintiff bears the burden of proving that federal subject matter jurisdiction is proper. *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (citing *U.S. ex. rel. Vuyyuru v. Jadhav*, 555 F.3d 337, 347 (4th Cir. 2009)).

There are two ways in which a defendant may present a 12(b)(1) motion. First, a defendant may present a facial attack upon the complaint where the complaint "fails to allege

facts upon which subject matter jurisdiction may be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). In such a case, the court assumes the truth of all facts alleged by the plaintiff. *Id.* (quoting *Bain*, 697 F.2d at 1219).

Alternatively, a defendant may use a 12(b)(1) motion to attack the existence of subject matter jurisdiction apart from the pleadings, essentially averring "that the jurisdictional allegations [are] not true." *Id.* (quoting *Bain*, 697 F.2d at 1219). When faced with this second form of a challenge, the court may regard the pleadings as mere evidence and consider evidence outside the pleadings to determine the existence of jurisdiction, even going so far as to hold an evidentiary hearing if deemed necessary. *Id.* (citing *Bain*, 697 F.2d at 1219); *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). As a result, plaintiff's allegations find no presumption of truth, and a dispute of material facts will not preclude the trial court from evaluating the merits of claims underlying jurisdiction. *U.S. ex. rel. Vuyyuru*, 555 F.3d at 347.

**B. Fed. R. Civ. P. 12(b)(6)- Failure to State A Claim**

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) should be granted unless the complaint "states a plausible claim for relief." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). In considering a Rule 12(b)(6) motion, the Court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours and Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). No such assumption of truth is afforded to those "naked assertions" and "unadorned conclusory allegations" devoid of "factual enhancement." *Vitol, S.A. v. Primerose Shipping Co.*, 708 F.3d 527, 543 (4th Cir. 2013) (citations omitted). Nor is the court obligated to assume the

veracity of the legal conclusions drawn from the facts alleged. *Adcock v. Freightliner LLC*, 550 F.3d 369, 374 (4th Cir. 2008) (citation omitted). Thus, the court's review involves the separation of factual allegations from legal conclusions. *Burnette v. Fahey*, 698 F.3d 171, 180 (4th Cir. 2012). In addition to the complaint, a court also examines "documents incorporated into the complaint by reference," as well as those matters properly subject to judicial notice. *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 557 (4th Cir. 2013) (citations omitted).

The complaint must contain sufficient factual allegations, taken as true, "to raise a right to relief above the speculative level" and "nudge [the] claims across the line from conceivable to plausible." *Vitol*, 708 F.3d at 543 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). The facial plausibility standard requires pleading of "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Clatterbuck v. City of Charlottesville*, 708 F.3d 549, 554 (4th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678). Courts also must construe pro se complaints liberally. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. ANALYSIS

The Court grants Defendant's Motion to Dismiss Plaintiff's Complaint for two reasons. First, the Court lacks subject matter jurisdiction over any alleged ADA claim against the federal government because the federal government cannot be sued under the ADA. Second, the Court grants Defendant's Motion to Dismiss because Plaintiff has failed to plead facts sufficient to meet the pleading standard set forth in *Iqbal*, 556 U.S. 662 and *Twombly*, 550 U.S. 544.

#### A. Plaintiff's Employment Discrimination Claim Under the ADA

The Court lacks subject matter jurisdiction over any alleged ADA claim against the federal government because the federal government cannot be sued under the ADA. In her

Complaint, Plaintiff appears to allege that Defendant has subjected her to employment discrimination under the ADA, 42 U.S.C. Section 12101 *et seq.* (Compl. at 1). However, the federal government is immune from suit except when a statute permits the federal government to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The ADA "specifically excludes the federal government from its coverage." *Hockaday v. Brownlee*, 370 F. Supp. 2d 416, 422 (E.D. Va. 2004); 42 U.S.C. § 12111(5)(B)(i) (stating that the ADA's definition of the term "employer" "does not include . . . the United States, [or] a corporation wholly owned by the government of the United States"). Here, the ADA explicitly does not cover the federal government, and Defendant cannot be sued by Plaintiff under this statute. Since Plaintiff has only included facts alleging that she was subjected to discrimination under the ADA, Plaintiff has failed "to allege facts upon which subject matter jurisdiction may be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). Therefore, the Court grants Defendant's Motion to Dismiss concerning Plaintiff's claim of employment discrimination under the ADA because the federal government cannot be sued for discrimination under this statute.

### B. Plaintiff's Remaining Claims of Employment Discrimination

The Court grants Defendant's Motion to Dismiss because Plaintiff has failed to plead facts sufficient to meet the pleading standard set forth in *Iqbal*, 556 U.S. 662 and *Twombly*, 550 U.S. 544. A plaintiff's *pro se* Complaint must be "liberally construed," and "held to less stringent standards" than would be a "formal pleading[] drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). The Court will also accept all stated facts in a plaintiff's complaint as true and will construe all factual inferences in the plaintiff's favor. *E.I. du Pont de Nemours and Co.*, 637 F.3d at 440. However, a plaintiff's allegations in the complaint must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Courts have

dismissed complaints that fail to make this basic allegation. *Coleman v. Md. Court of Appeals*, 626 F.3d 187 (4th Cir. 2010) (affirming dismissal of a Title VII race discrimination claim where the complaint "conclusory allege[d] that [plaintiff] was terminated based on his race" without a plausible factual basis); *Turpin v. Wellpoint Cos.*, 2011 U.S. Dist. LEXIS 56000, * 14 (E.D. Va. May 25, 2011) (dismissing a *pro* se plaintiff's Title VII claim because plaintiff had not "alleged any factors in support of her conclusory assertion that [employer] refused to rehire her in retaliation for her having filed an EEOC complaint").

Additionally, a plaintiff may not introduce new allegations or new facts in an opposition to a defendant's motion to dismiss. *See Barclay White Skansa, Inc.v. Battelle Mem'l Inst.*, 262 Fed. Appx. 556, 563 (4th Cir. 2008) (stating that plaintiffs may not amend their complaint through briefs in opposition to a motion for summary judgment). A plaintiff may not raise new claims without formally amending her complaint. *See Williams v. Harvey*, 2006 WL 2456406, at *6 (E.D. Va. Aug. 21, 2006) (stating that although a plaintiff attempted to raise new claims in an opposition to summary judgment, plaintiff did not attempt to amend her complaint and "is not permitted to raise new ground for relief in a reply brief").

Here, Plaintiff attempts to raise new issues in her Opposition to Defendant's Motion to Dismiss. (Doc. 7 at 1-5). The Court will not review these new claims because the allegations were not contained in Plaintiff's Complaint. Therefore, the Court will only assess the allegations contained in Plaintiff's Complaint. Within the Complaint, Plaintiff does not provide any facts upon which Plaintiff purports to state her claims. (Compl. at 1). While Defendant's Motion to Dismiss states that the agency is aware of the nature of the claims that Plaintiff pursued administratively, Plaintiff's Complaint must convey "more than an sheer possibility" that Defendant "acted unlawfully." *Iqbal*, 556 U.S. at 678-79. Plaintiff only summarily states that

she has "[u]nresolved employment discrimination complaints that consist of . . . hostile work environment, sexual harassment, reprisal, forced resignation, employment discrimination, simple assault by immediate supervisor, . . . and a nexus of events." (Compl. at 1). This statement does not provide any factual support for these legal conclusions. The additional documents that Plaintiff has attached to her Complaint do not raise the level of her factual allegations to the standard required under *Iqbal*, 556 U.S. 662 and *Twombly*, 550 U.S. 544. Therefore, the Court grants Defendant's Motion to Dismiss concerning Plaintiff's remaining claims of employment discrimination because Plaintiff has failed to provide factual support for her legal conclusions contained in her Complaint.

### III. CONCLUSION

The Court grants Defendant's Motion to Dismiss Plaintiff's Complaint for two reasons. First, the Court lacks subject matter jurisdiction over any alleged ADA claim against the federal government because the federal government cannot be sued under the ADA. Second, the Court grants Defendant's Motion to Dismiss because Plaintiff's failed to plead facts sufficient to meet the pleading standard set forth in *Iqbal*, 556 U.S. 662 and *Twombly*, 550 U.S. 544.

Accordingly, **IT IS HEREBY ORDERED** that Defendant Lisa S. Disbrow's Motion to Dismiss (Doc. 5) is **GRANTED**, and this case is **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

**IT IS FURTHER ORDERED** that Plaintiff Betty J. Hooker may submit an amended complaint within twenty-one days from April 7, 2017, and Defendant Lisa S. Disbrow may submit a response within twenty-one days from Plaintiff's amended complaint.

ENTERED this 13th day of April, 2017.

Alexandria, Virginia
4/13/2017.

/s/
Gerald Bruce Lee
United States District Judge